# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                              |   |                                  |
|----------------------------------------------|---|----------------------------------|
| AMERICAN POSTAL WORKERS' UNION, AFL-CIO      | ) |                                  |
|                                              | ) |                                  |
| Plaintiff,                                   | ) |                                  |
|                                              | ) | Civil Action No. 09-1217 (ESH)   |
| v.                                           | ) | Civil Action No. 09-1218 (ESH)   |
|                                              | ) |                                  |
| UNITED STATES POSTAL SERVICE,                | ) |                                  |
|                                              | ) |                                  |
| Defendant.                                   | ) |                                  |

## MEMORANDUM OPINION AND ORDER

Before the Court are the motions by plaintiff American Postal Workers' Union, AFL-CIO ("APWU") for an order awarding attorney's fees, costs, and expenses in both of the above-captioned related cases, which are based on plaintiff's efforts to enforce arbitration awards issued in two labor disputes between plaintiff and defendant United States Postal Service ("USPS"). Plaintiff argues that it "is entitled to an award of attorneys' fees on the ground that defendant acted in 'bad faith' in failing to comply with the arbitration awards in question." (Pl.'s Mem. at 1.)[1] Based on the Court's review of the parties' submissions, the record, and the applicable law, it is hereby **ORDERED** that plaintiff's motion is **DENIED**.

In relevant part, the Equal Access to Justice Act ("EAJA") provides that "[u]nless expressly prohibited by statute,"[2] the Court "may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought . . . against . . . any [United States] agency . . . in any court having jurisdiction of such action. The United States shall be

---

[1] Plaintiff filed a substantially identical fees motion in each of the above-captioned cases.

[2] Defendant does not argue that any statute expressly prohibits an award of fees here.

1

liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award."[3] 28 U.S.C. § 2412(b). "Under the American rule, common law as a general matter precludes the award of attorneys' fees from the losing party to the prevailing party. A narrow exception has developed where the losing party has acted in 'bad faith.'" *Am. Hosp. Ass'n v. Sullivan*, 938 F.2d 216, 219 (D.C. Cir. 1991). To support an award of attorney's fees, the bad faith must have "occurred in connection with the litigation" or been "an aspect of the conduct giving rise to the lawsuit."[4] *Id.* "Bad faith in conduct giving rise to the lawsuit may be found where a party, confronted with a clear statutory or judicially-imposed duty towards another, is so recalcitrant in performing that duty that the injured party is forced to undertake otherwise unnecessary litigation to vindicate plain legal rights." *Id.* (internal quotation marks omitted). "[T]he substantive standard for a finding of bad faith is stringent and attorneys' fees will be awarded only when extraordinary circumstances or dominating reasons of fairness so demand. "Further, the finding of bad faith must be supported by clear and convincing evidence, which generally requires the trier of fact, in viewing each party's pile of evidence, to reach a firm conviction of the truth on the evidence about which he or she is certain." *Ass'n of Am. Physicians & Surgeons, Inc. v. Clinton*, 187 F.3d 655, 660 (D.C. Cir. 1999) (internal quotation marks and citations omitted).

---

[3] Plaintiff does not argue that any statute specifically provides for a fee award here.

[4] Defendant argues that EAJA precludes plaintiff from recovering fees if defendant's legal position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). This statutory provision and its legal standard are inapposite, in part because it applies only to a prevailing party that is, *inter alia*, an "association" or "organization" whose net worth did not exceed $7,000,000 and which had no more than 500 employees "at the time the civil action was filed . . . ." 28 U.S.C. § 2412(d)(2)(B)(ii). Plaintiff represents that it is not eligible for an award of fees under this provision. (*See* Reply at 1.)

Here, plaintiff argues that defendant demonstrated bad faith by (1) "failing and refusing to comply with" Arbitrator Hamah R. King's award "ordering the Postal Service to 'cease and desist from assigning employees of the carrier craft to transport mail between postal facilities and or any other facilities where the mail is to be transported in bulk quantities'"; (2) "refus[ing] to implement the compensatory damages awards" of Arbitrators King and AlmaLee P. Guttshall; and (3) litigating this case in a manner that "evinced an intention to obstruct enforcement of the Awards in question" through "completely meritless" legal arguments. (Pl.'s Mem. at 4 (quoting award), 5, 6; *see* Def.'s Mot. for Summ. J., No. 09-CV-1217, Ex. 1 ("Guttshall Award"); Def.'s Mot. for Summ. J., No. 09-CV-1218 ("1218 SJ Mot."), Ex. 1 ("King Award").)

First, plaintiff has failed to show that defendant acted in bad faith by "failing and refusing to comply with" Arbitrator King's order with respect to employee assignments.[5] (Pl.'s Mem. at 4.) The record shows that King's award was received by the parties around August 29, 2009; that several months later on November 3, plaintiff filed a Step 1 grievance over non-compliance; and that several days later, plaintiff took a Step 2 grievance appeal in which it accused defendant of, *inter alia*, failing to return the work assignments at issue to members of the motor vehicle service craft. (*See* 1218 SJ Mot., Exs. 3-4.) In response to this grievance appeal, defendant specifically disputed the factual basis for that accusation. (*See id.*, Ex. 5 at 3-4 (USPS Contentions Nos. 5 & 6).) Based on a review of "each party's pile of evidence," the Court cannot "reach a firm conviction of the truth on the evidence about which . . . she is certain." *Ass'n of Am. Physicians & Surgeons*, 187 F.3d at 660 (internal citations and quotation marks omitted). Accordingly, plaintiff has failed to support its bad faith claim by clear and convincing evidence. *See id.*

---

[5] The Court also notes that plaintiff's fees motions are virtually devoid of any record citations.

It is also inaccurate for plaintiff to characterize defendant's pre-litigation position as a "refusal to implement the compensatory damages awards," because it is impossible to determine either award's value from the four corners of the document. (Pl.'s Mem. at 5.) Arbitrator Guttshall's award instructed the parties to meet to determine the amount of employee time at issue, and Arbitrator King's award left it to defendant alone to "determine the number of hours" that would form the basis of the compensatory damages. (*See* Guttshall Award at 7-8; King Award at 19.) Thus, by definition, neither award gave defendant a "clear . . . duty" to pay a *specific* amount of money to plaintiff. *Am. Hosp. Ass'n*, 938 F.2d at 220. And, in response to plaintiff's grievance claim that defendant had not complied with the damages award, defendant asserted that the numbers of hours at issue was in dispute, that plaintiff had failed to provide any information to support its damages calculations, and that plaintiff's position on the damages amount was without any factual support. (*See* 1218 SJ Mot., Ex. 5 at 4.) Given the inherently data-dependent nature of the arbitrators' compensatory damages awards, the Court cannot conclude that defendant's pre-litigation position was taken in bad faith.

Finally, plaintiff has also failed to show by clear and convincing evidence that defendant's arguments in this litigation were made in bad faith. For example, defendant's Rule 12 motions were filed against the backdrop of this Court's strong statement that "[f]ederal courts are bound to exercise the utmost restraint to avoid intruding on the bargained-for method of dispute resolution . . . ." *APWU v. U.S. Postal Serv.*, 827 F. Supp. 836, 838-39 (D.D.C. 1993) (internal quotation marks omitted). And just prior to defendant's filing of those motions, the Court held in another arbitration dispute between the parties "that it lacked jurisdiction to vacate or enforce the Award because it was not final and binding," where "[t]he grievance-arbitration procedure provided in the [parties' collective bargaining agreement] ha[d] not been exhausted,

4

and although APWU prevailed on the issue of liability, the remedy ha[d] not been decided."[6]

*APWU v. U.S. Postal Serv.*, 646 F. Supp. 2d 1, 6 (D.D.C. 2009).  Given these and similar legal authorities, as well as the intricate factual background of this case, it was not unreasonable for defendant to question whether the Court should consider plaintiff's claims while its grievances were pending.[7]

In sum, the Court finds that plaintiff has failed to show, by clear and convincing evidence, that defendant acted with bad faith.  Accordingly, its fees motions are **DENIED**.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Dated: May 12, 2010

---

[6] As discussed, although the awards in the instant cases did decide the remedy, they did not do so in absolute numerical terms; instead, they required defendant's input as to the appropriate number of hours upon which to base the damages, thereby introducing a further point of ambiguity.

[7] Plaintiff has also failed to show that defendant's assertions regarding Arbitrator King's availability for remand were made in bad faith.  (*See* Pl.'s Mem. at 6-7.)